**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KENNETH STERNBERG | CRIMINAL ACTION<br>NO. 00-291-1 |

**PAPPERT, J.**  July 13, 2022

## MEMORANDUM

Kenneth Sternberg moves for early termination of his three-year term of supervised release. (ECF 290.) The Government opposes his motion (ECF 295) and the Court denies it.

### I

Sternberg and his co-conspirators robbed spas and massage parlors at gunpoint. They tied up at least one victim, held a gun to another's head, pistol-whipped others, stole money, fired gunshots and kicked a victim. (Gov't Resp., ECF 295 at 2.) In 2000, a jury found Sternberg guilty of four counts of conspiring to commit Hobbs Act robbery, four counts of Hobbs Act robbery and four counts of using a firearm in relation to a crime of violence. (*See* ECF 121.) He was sentenced to 85 years and 10 months of imprisonment, three years of supervised release and a $1,100 special assessment. (ECF 138, *see also* Gov't Resp., ECF 295 at 2.)

In 2020, Sternberg sought and obtained compassionate release with the Government's consent. (*See* Gov't Resp., ECF 295 at 2; *see also* ECF 290.) COVID-19 vaccines were not yet available and the Court found he was at higher risk of death or serious illness from the virus while incarcerated because he suffered from Type 2

diabetes, compounded by obesity, hypertension and other medical conditions. (ECF 290.) When Sternberg was released in November 2020, he had served approximately 21 years of his 85-plus year sentence. (Gov't Resp. at 2.) He began his term of supervision shortly thereafter and has served about 20 months of the three-year supervised release period. (*See id.*)

Sternberg seeks early termination so that he can "freely travel" for out of state medical treatment and visit his family in Boca Raton, Florida. (Def.'s Mot., ECF 292 at 3.) He says that in addition to his diabetes, and hypertension, he has COPD, severe sleep apnea and multiple herniated discs. (*Id.* at 2-3.) He also says he has "severe PTSD" and "has reoccurring hernias" and "severe nerve damage" from "multiple gunshot wounds." (*Id.* at 3.) Nevertheless, he does not identify where he needs to go for the unspecified medical treatment he seeks or how often it is required. Nor does he say he has been unable to receive any needed treatment because he is on supervised release. Instead, he acknowledges that during his time on supervised release, his probation officers have accommodated his requests to travel from Florida "to Pennsylvania to receive medical care and be near family." (*Id.* at 1-2.)

Sternberg says his probation officer does not oppose his motion and "has had no problems with him since supervising him." (*Id.* at 2.) However, the Government represents that Sternberg's probation officer has yet to take a position as to whether early termination is appropriate. (Gov't Resp., ECF 295 at 3 n.3.)

II

The Court "may . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . .

if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). When deciding whether early termination is appropriate, the Court considers factors including:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwanted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (listing the 18 U.S.C. § 3553(a) factors relevant to a request for early termination of supervised release) (citations omitted). District courts entertaining motions for early termination of supervised release need only make clear that they have "considered the statutory factors" and "are not required to make specific findings of fact with respect to" the relevant Section 3553(a) factors. *Id.* at 52-53. New or changed circumstances are not required to grant relief. *Id.* at 53. However, when a sentence is "'sufficient, but not greater than necessary' when first pronounced," a motion for early termination should provide some justification for a change in the sentence that was originally imposed. *Id.*

Sternberg provides no reason why early termination would be in the interest of justice. He proclaims his "outstanding performance" while on supervised release (Def.'s Mem., ECF 292, at 2), but "compliance" is "the expectation" and "generally is not enough to warrant termination of supervised release." *United States v. Damiano*, No. 07-153, 2020 WL 7263183, at *2 (E.D. Pa. Dec. 10, 2020). Because of the risks Sternberg faced before COVID-19 vaccines were available, he has already had his

3

sentence drastically reduced.  Weighing the Section 3553(a) factors and balancing Sternberg's appropriate conduct while on supervised release against the circumstances underlying his conviction – his participation in multiple armed robberies where victims were threatened and injured with firearms –continued supervision for the remainder of the three-year term of supervised release to assure rehabilitation and compliance with the law is appropriate.  Early termination is not.

> BY THE COURT:
>
> /s/ Gerald J. Pappert
> GERALD J. PAPPERT, J.